[Cite as *Folck v. Folck*, 2013-Ohio-3380.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

NEAL C. FOLCK                                        :

    Plaintiff-Appellant                        :        C.A. CASE NO. 2012 CA 93

v.                                                            :        T.C. NO.    12CV313

HELEN N. FOLCK, et al.                        :          (Civil appeal from
                                                                       Common Pleas Court)

    Defendants-Appellees               :

                                                            :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    2nd    day of    August   , 2013.

. . . . . . . . . .

NEAL C. FOLCK, 4581 Jeremy Avenue, Springfield, Ohio 45502
    Plaintiff-Appellant

JOHN R. BUTZ, Atty. Reg. No. 0003453, 2177 Olympic Street, Springfield, Ohio 45503
    Attorney for Defendants-Appellees Helen and Glen Folck

MARK F. ROBERTS, 10 S. Spring Street, Springfield, Ohio 45502
    Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    This matter is before the Court on the pro se Notice of Appeal of Neal C.

Folck, filed December 14, 2012. Neal appeals from the trial court's dismissal of his complaint for lack of subject matter jurisdiction. We hereby affirm the judgment of the trial court.

{¶ 2} Neal filed his pro se Complaint on March 30, 2012, against his mother, Helen N. Folck, his brother, Glen A. Folck, and Mark Roberts (collectively, "Defendants"). According to the complaint, the Defendants "have removed and hold personal assets of the Plaintiff that include childhood items, family heirlooms, motorcycles, jewelry, antiques, household articles, clothing, etc. After repeated requests of the Defendants by Plaintiff, * * * it has caused not only substantial mental cruelty, duress, but financial hardship to the Plaintiff." Neal demanded that "the safe return of the articles listed be accomplished immediately and **$3,000,000** be paid" to him.

{¶ 3} On April 12, 2012, Helen and Glen filed a motion to dismiss, pursuant to Civ.Rs. 8(A) and 10(A) and (B). Helen and Glen further asserted that Neal "has sued the same Defendants for the same alleged action in Clark County Municipal Court Case 11 CVF 0272. * * * That case remains pending. This present case should be dismissed pursuant to Civ.R. 12(B) for lack of jurisdiction over the subject matter." Attached to the motion to dismiss is a copy of a pro se complaint, filed August 23, 2011, by Neal against Defendants in Clark County Municipal Court, along with a corresponding summons. The attached complaint provides: "Plaintiff prays for judgment against Defendants for the loss, misallocation, or hiding of my personal assets previously located at 4938 Springfield-Xenia Road, Springfield, Ohio. Said assets were part of Plaintiff's purchase of his deceased sister's estate * * * and title and possession were the Plaintiff's. A quick and decisive

judgment is requested." On April 16, 2012, Mark Roberts filed a motion to dismiss, incorporating by reference the arguments contained in Helen's and Glen's motion to dismiss.

{¶ 4} On April 23, 2012, Neal filed an "Answer to Defendants' Motions to Dismiss," in which he asserted that the motions to dismiss must be "squelched in their entirety and the Common Pleas Court Case No. 12CV0313 must be allowed to continue. * * * A Case Brief will be filed subsequently * * * that will fully explain the devious, pre-meditated, unremorseful, harassing and unlawful actions of the Defendants * * *." On April 27, 2012, Neal filed a lengthy "Case Brief" containing multiple attachments and photographs.

{¶ 5} On May 9, 2012, the Magistrate issued a decision that provides as follows:

* * * while the Plaintiff has filed a document styled "Case Brief," the Plaintiff has failed to address the issues raised by the motion to dismiss. The Magistrate concludes that this court lacks jurisdiction over the subject matter of the action since Clark County Municipal Court Case 11 CVF 0272 remains pending and that case concerns the same alleged actions as alleged in this case. The Magistrate recommends that this action be dismissed at Plaintiff's cost.

{¶ 6} On May 15, 2012, Neal filed "Objections to Magistrate's Decision," which provide as follows:

* * * the Common Pleas Court of Clark County, Ohio does have jurisdiction over Case No. 12CV0313. Please find attached the Magistrate's Decision in the Clark County Municipal Court Case No. 11CV0272 not to

transfer the Case to Common Pleas Court, not to schedule a hearing date, and not to cancel. Please find the latest filed Motion to cancel Case No. 11CVF0272. The violations, clearly stated in Case No. 12CV0313, took place in Clark County, Ohio. Defendant, Helen N. Folck was the property owner of 4938 Springfield-Xenia Road, Springfield, Ohio 45506 at the time of the violations. Defendant, Mark F. Roberts is a Registered Ohio Attorney that was practicing law in Clark County, Ohio at the time of the violations. The Case No. 11CVF0272 must be dismissed in the Municipal Court of Clark County, Ohio by the attached Motion to Dismiss filed on today's date and Case No. 12CV0313 allowed to proceed.

{¶ 7} Attached to the "Objections" is a copy of the Magistrate's Decision of May 9, 2012, as well as a time-stamped copy of a Motion to Dismiss, filed in the municipal court on May 15, 2012, which provides: "This Motion to Dismiss is being requested by Plaintiff, Neal C. Folck, pro se. Since the Magistrate would not transfer this Case to Common Pleas Court of Clark County, Ohio and has failed to schedule a hearing date/cancel, it is paramount that Case No. 11CVF0272 be cancelled forthwith." Also attached to the Objections is a copy of a Magistrate's Decision, issued in response to Neal's motion to transfer the matter from the municipal court to the court of common pleas. The decision indicates that Neal's municipal court complaint sought relief in the amount of $15,000.00, an amount which "does not exceed the municipal court jurisdictional limit."[1] The decision

---

[1] *See,* R.C. 1901.17("A municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen

concludes that "if he believes he is entitled to damages in excess of $15,000.00, [Neal] is free to dismiss the present action and re-file in the Clark County Common Pleas Court. He is not, however, entitled to simply have the matter transferred." On May 17, 2012, Helen and Glen filed a "Memorandum Contra Plaintiff's Objection."

{¶ 8}  On November 14, 2012, the trial court, after indicating that its review of the Magistrate's decision is de novo, issued an "Entry Adopting the Magistrate's Decision." The Entry provides that the court "lacks jurisdiction over the subject matter of the action, and, therefore, dismisses this action at Plaintiff's cost."

{¶ 9}  Neal filed his "Case Brief" herein on February 4, 2013. On February 19, 2013, Defendants filed "Defendants/Appellees Motion to Dismiss," asserting that Neal's "Case Brief" failed to comply with App.R. 16 and "is so out of compliance that there is no way to respond." On March 1, 2013, Neal filed a response entitled "Motion to Squelch." This Court accepted Neal's "Case Brief" as filed and overruled the Defendants' motion to dismiss.

{¶ 10}  In the absence of specific assigned errors, as required by App.R. 16, Neal argues in part that the trial court erred in determining that it lacked subject matter jurisdiction over Neal's complaint. His remaining arguments are addressed to the merits of his complaint and are not properly before us. We note that attached to Neal's "Case Brief" is an Entry from the Clark County Municipal Court, dated August 7, 2012, dismissing Case No. 2011 CVF 2672 without prejudice.

{¶ 11}  "The issue of whether a trial court has subject-matter jurisdiction over a

thousand dollars * * * .")

cause of action is generally a question of law that an appellate court reviews independently of the trial court's decision. * * * ." *Yu v. Zhang*, 175 Ohio App. 3d 83, 88, 2008-Ohio-400, 885 N.E.2d 278, 282 (2d Dist. 2008). As this Court has noted:

> Subject matter jurisdiction of a court "connotes the power to hear and decide a case upon its merits." *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, ¶ 11. "A court's subject matter jurisdiction is invoked by the filing of a complaint. Once a court of competent jurisdiction acquires jurisdiction over an action, its authority continues until the matter is completely and finally disposed of, and no court of co-ordinate jurisdiction may interfere with its proceedings." * * * . *Batteiger v. Deutsch*, 2d Dist. Montgomery No. 021933, 2008-Ohio-1582, ¶ 50.

**{¶ 12}** By his own admission in his objections to the Magistrate's decision, Neal filed his motion to dismiss his complaint in the municipal court on the same date that he filed the objections. In other words, his cause of action against Defendants was pending in the municipal court when he filed his complaint against Defendants in the court of common pleas, and the court of common pleas lacked jurisdiction ab initio. Since the trial court lacked jurisdiction over the subject matter of Neal's action as a matter of law, the court properly dismissed the matter. Finally, we note that, pursuant to Civ.R. 41(B)(4)(a), an involuntary dismissal for lack of subject matter jurisdiction operates as "a failure otherwise than on the merits" and is without prejudice to any new action.

**{¶ 13}** There being no merit to Neal's "Case Brief," the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Neal C. Folck
John R. Butz
Mark F. Roberts
Hon. Richard J. O'Neill